LORENZ HAUSEN, Respondent, v. THE CITIZENS INSUR-ANCE COMPANY OF MISSOURI, Appellant.

St. Louis Court of Appeals, March 24, 1896.

1. Insurance, Fire: EFFECT OF PRESENT REVISED STATUTES.  The Revised Statutes of 1889 went into effect on November 1, 1889, and therefore do not govern the effect of a policy of fire insurance issued before that date.

2. ————: POWERS OF LOCAL AGENT TO WAIVE CONDITIONS OF POLICY.  A local agent of a foreign fire insurance company, who is not shown to have any authority beyond the soliciting of insurance, has no power on behalf of such company to waive any of the conditions of a policy issued by it.

*Appeal from the Cape Girardeau Court of Common Pleas.*
HON. ALEXANDER ROSS, Judge.

REVERSED AND REMANDED.

*R. H. Whitelaw* for appellant.

*Frank E. Burrough* for respondent.

BOND, J.—This suit is upon a policy of insurance alleging performance of all its conditions by the assured.   The policy was for $500, and issued for five years from September 23, 1889.   It covered a dwelling house, which was destroyed by fire on August 30, 1894. Payment being refused, judgment is prayed for the amount of the policy.   The defenses were that the policy was obtained by fraudulent representations, and

that the assured made no proof of loss as required in the policy. The reply averred a waiver of proof of loss, and denied the other allegations of the answer. Judgment was recovered for the amount of the policy, from which this appeal is taken.

The first error assigned is that the court by instruction number 1 for plaintiff told the jury that, if they found for plaintiff, their verdict should be for the full amount of the policy. It is claimed this instruction contravenes the terms of the policy and the law. This objection is not well taken. Despite the terms of this policy providing for a deduction from the cash value of the property at the time of the fire for depreciation, if any, plaintiff's recovery upon a total loss extended to the full amount of insurance shown on the face of the policy, since the policy was issued under the law governing such contracts prior to the present revision, which only went into force on November 1, 1889. R. S. 1889, sec. 6614. The act previously regulating the amount recoverable on such policies was section 6009, of the Revised Statutes, 1879. By its terms the amount stated in the face of the policy was conclusive as to the recovery upon a total loss.

Appellant next complains of the instruction, given for plaintiff, submitting the question of waiver of proofs of loss. In connection with other facts given in evidence for the purpose of showing a waiver of the clause of the policy requiring proofs of loss, plaintiff testified that a local agent of defendant, not shown to have general authority or empowered to issue and countersign policies, told the assured after the fire that it would not be necessary to prepare proofs of loss, and that he (the agent) would telegraph and write the company. If this evidence had been objected to, it would doubtless have been excluded; for it is well settled that a subordinate agent of an insurance company,

only authorized to solicit insurance, can not verbally or otherwise waive the conditions of the policy issued by his company. As this evidence was without any probative force, it acquired none by its misreception; but, as it was admitted, the instruction (number 3) given by the court at plaintiff's request, whereby the jury were referred to "the language and conduct of the agents of the insurance company" to ascertain evidences of proofs of loss, was prejudicial to defendant, in that by the use of the word *"agents"* the jury were permitted to rest their finding as to the waiver upon the express agreement to that effect made by a mere soliciting agent, which as we have seen was not obligatory on the defendant. Hence, this instruction was erroneous. Appellant also insists there was no evidence upon which to base it. There was evidence that defendant's agent or adjuster denied all liability, and refused to pay the amount of the policy, upon the alleged ground of overinsurance; that, in his investigation of the circumstances and extent of the loss, made in person a few days after the fire, he and plaintiff acted conjointly, and no suggestion was made that proofs of loss would be required, the only inquiry being as to the value of the insured property. It was also shown by a letter from defendant that its objection to paying the policy was for the refusal of the plaintiff to accept what was claimed to be the value of the property destroyed instead of the sum stated in the face of the policy. It must also be borne in mind that the property in this case was real estate, wherefore, under the statute then in force, the loss, if any, being conclusively fixed by the face of the policy, there was less reason for requiring proofs of loss than if the property had been personalty. Under all these facts and circumstances we can not say there was no evidence from which a just inference of waiver of proofs of loss might

have been drawn by the jury. The instruction, therefore, though too broad, was not wholly unsupported by the evidence.

Our conclusion is the judgment should be reversed and the cause remanded. It is so ordered. All concur.